[Civ. No. 3514. Second Appellate District, Division One.—July 5, 1921.]

CITY OF PASADENA (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—SCUFFLE BETWEEN EMPLOYEES— UNWARRANTED ATTEMPT TO DISCHARGE—INJURY NOT IN COURSE OF EMPLOYMENT.—Under the Workmen's Compensation Act, an injury received by a high school student employed by a municipal corporation to hoe weeds while resisting an attempt of another student employee to take his hoe after unauthorizedly attempting to discharge him, was not an injury received in the course of his employment.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

James H. Howard for Petitioner.

A. E. Graupner and W. H. Pillsbury for Respondents.

JAMES, J.—Petitioner herein brings this proceeding for the purpose of having reviewed the evidence taken before, and an award made by, the Industrial Accident Commission. The contention urged in support of petition is that the accident which caused the injuries of the complainant did not arise out of the employment in which claimant was at the time engaged. The facts are succinctly stated in the findings of the commission, from which we here quote: "Applicant was one of a small group or gang of high school students hoeing weeds under hire of defendant city during vacation, under immediate direction of one Frank Wood, a student of about the same age as applicant; that said Wood did not have authority to discharge or discipline any member of the gang and applicant so understood; that said Wood, under pretense of such authority, purported to discharge applicant for some alleged breach of rules and attempted to take away from applicant the latter's hoe, Wood being entirely the aggressor; that applicant resisted and in

the ensuing scuffle he sustained injury to his left ankle; that it is claimed on behalf of Wood that his motives in so acting were those of playfulness and in the spirit of a joke, but the evidence is insufficient to establish that such were his motives, and this commission finds the applicant was unaware of such playful intent and believed that Wood was improperly attempting to exercise his authority as subforeman, and that if there had been such intent it had ceased to operate by the time the scuffle had reached the stage in which and by reason of which applicant sustained said injury." The amount of the award entered pursuant to the findings was $106.81. The above findings as to the facts were fully supported by the testimony given before the commission. [1] It is made to appear that the attack upon the claimant by the subforeman was wholly unjustifiable. The cause of the difference between the two boys arose because Wood assumed to have authority to do something which the claimant knew he had no right to do, to wit, to discharge the claimant from the work. These conditions being established, the act of Wood was no different, legally considered, than would have been the act of any of the other fellow-employees working with the claimant. The decision here must be controlled, we think, by the decision of the supreme court in *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [158 Pac. 212]. In the course of a quite exhaustive discussion to be found in the opinion, the court there said: "The acts arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment. It arises out of the occupation when there is a causal connection between the conditions under which the servant works and the resulting injury." That was a case where an employee was injured while attending strictly to his work by reason of the playful act of a fellow-employee who "tickled" him when he was about to descend a stair carrying a load. It was held that there could be no compensation awarded for the resulting injury. And we gather from what is said by the court in that decision that the conclusion would have been the same even though the employee at fault had acted maliciously and

with the intent to cause the injury to his fellow-worker. The only limitation indicated upon this holding seems to be that the employer will be held liable in a case such as that last noted, only when he has knowledge of the fact that some of his employees are maliciously inclined and apt to do injury to their fellow-workers. We do not find that the case is helped any by the general statements made in *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, [151 Pac. 398]. In that case a foreman was injured while engaged in what was held to be the rightful discharge of his duty through the resistance of an employee working under him and whom he had attempted to discharge. (See, also, *Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351, [Ann. Cas. 1917E, 312, L. R. A. 1917B, 595, 160 Pac. 150].) Counsel for respondent represents in his brief that there are several cases pending before the supreme court in which the commission is seeking to secure a modification of the rule as laid down in the Coronado case, and requests that decision herein be deferred until such cases have been decided. While the petitioner is agreeable to such a course, we do not feel that a decision in this case should be delayed upon a statement of the possibility merely that our supreme court may hereafter reach a conclusion on the proposition involved more favorable to respondent than that heretofore announced by it. Furthermore, there is available to respondent the right to file a petition for rehearing with the supreme court and so secure a speedy review of the question here considered.

The award as entered by the respondent commission is annulled.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 1, 1921.

Shaw, J., Wilbur, J., Lennon, J., and Shurtleff, J., concurred.